**Zi Ying QUI, aka Zhi Ying Qiu, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70052.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided Aug. 31, 2004.

---

Hilary A. Han, Esq., Vicky J. Dobrin, Esq., Dobrin & Han, LLC, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HUG, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Zi Ying Qui, a 46–year–old native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her applications for asylum and withholding of removal.[1] At her merits hearing, she testified that she fears the Chinese government will involuntarily sterilize her should she return to China because she violated the government's "one child" policy. The Immigration Judge ("IJ") and the BIA denied her applications on the ground that she was not a credible witness. Qui argues that the BIA's adverse credibility determination was not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.[2]

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, we review the decision of the BIA, not of the IJ. *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001).

We review for substantial evidence the BIA's decision to deny an asylum application, as we do a finding by the BIA that the alien did not present credible evidence of persecution. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004). A credibility finding is accorded "substantial deference," but "only if the [BIA] has ... offered a 'specific, cogent reason for any stated disbelief.'" *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)). Minor inconsistencies in the record are not a cogent reason for disbelieving an alien, especially where they reveal nothing about the alien's fear of persecution and cannot properly be viewed as attempts by the alien to enhance his or her claims of persecution. *See Hoque*, 367 F.3d at 1195.

Here, the BIA found a number of contradictions in Qui's testimony. According to the BIA, she testified inconsistently about whether or not she lived with her husband during her second pregnancy,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA also denied Qui withholding of removal under the Convention Against Torture. Qui does not challenge that denial in this petition for review.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

when she was in hiding at her parents' home. The BIA also found that she testified inconsistently about whether or not she took either of her children along when she left her parents' home to live in Fuzhou City, and her testimony on this point conflicted with her husband's testimony at his asylum hearing. In Qui's asylum declaration, she stated that her daughter stayed with Qui's mother when Qui returned to Fuzhou City, but this conflicted with Qui's testimony that her mother had died eight years earlier. Finally, the BIA noted that her testimony was inconsistent with earlier statements that she had made under oath regarding whether she had procured a false sterilization certificate.

The record supports these findings, which constitute specific, cogent reasons for disbelieving Qui's testimony. Whether Qui lived with her husband during her second pregnancy is not the kind of minor detail that is easy to forget, and her contradictory testimony on this point casts at least some doubt on whether she went into hiding at all. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Qui's testimony that she left her daughter with her parents to avoid detection by family-planning officials conflicted with her husband's testimony and tended to enhance her claim that she has a subjective fear of persecution. Likewise, whereas Qui earlier stated that she had left China because she feared the authorities would find out that her sterilization certificate was false, at her merits hearing she testified that her *lack* of a sterilization certificate caused family-planning officials to seek to arrest her. As this testimony can be viewed as an attempt to enhance her claim of persecution, it has some bearing on her credibility. *See Des-*

*ta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir. 2004).

Although this is a close case, which is made even closer by translation and transcription difficulties during Qui's merits hearing and the fact that Qui was not given an opportunity to explain many of the inconsistencies cited by the IJ and the BIA, *see Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004), we find no prejudicial error. Substantial evidence supports the BIA's denial of Qui's asylum and withholding applications, and the country conditions reports in the administrative record do not compel a contrary result. The petition for review is therefore DENIED.