Zi Ying QUI, aka Zhi Ying Qiu, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

Nos. 03–70052, A77–054–694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2004.

Memorandum Filed Aug. 31, 2004.

Withdrawn March 21, 2005.

Decided March 21, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Hilary A. Han, Vicky J. Dobrin, Dobrin & Han, LLC, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service, Seattle, WA, Donald E. Keener, John J. Andre, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HUG, TASHIMA, and PAEZ, Circuit Judges.

## ORDER AND AMENDED MEMORANDUM **

### ORDER

Petitioner Zi Ying Qui's petition for panel rehearing is granted. The memorandum disposition filed August 31, 2004, 108 Fed.Appx. 517, is withdrawn and replaced by the amended memorandum immediately following this order.

### AMENDED MEMORANDUM

Zi Ying Qui, a 46–year–old native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her applications for asylum and withholding of removal.[1] At her merits hearing, she testified that she fears that the Chinese government will involuntarily sterilize her should she return to China because she violated the government's "one child" policy. The Immigration Judge ("IJ") and the BIA denied her applications on the ground that she was not a credible witness. Qui argues that the BIA's adverse credibility determination was not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.[2]

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, we review the decision of the BIA, not of the IJ. *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001).

We review for substantial evidence the BIA's decision to deny an asylum application, as we do its finding that an alien did not present credible evidence of persecution. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004). A credibility finding is accorded "substantial deference," but "only if the [BIA] has ... offered a 'specific, cogent reason for any stated disbelief.'" *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)). Minor inconsistencies in the record are not a cogent reason for disbelieving an alien, especially when they reveal nothing about the alien's fear of persecution and cannot properly be viewed as attempts by the alien to enhance her

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA also denied relief under the Convention Against Torture. Qui does not challenge that denial in this petition for review.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

claims of persecution. *See Hoque,* 367 F.3d at 1195. In reviewing the BIA's reasons for doubting an alien's testimony, we "may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." *Mendoza Manimbao,* 329 F.3d at 658.

After careful review of the record, we have determined that the contradictions in Qui's testimony relied on by the BIA do not constitute substantial evidence sufficient to support an adverse credibility finding. We therefore remand to the BIA for determination of whether Qui has met the other criteria for asylum eligibility. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

The BIA cited a number of apparent inconsistencies in support of its adverse credibility determination. According to the BIA, Qui testified inconsistently about whether or not she lived with her husband during her second pregnancy, when she was in hiding at her parents' home. The BIA also found that she testified inconsistently about whether or not she took either of her children along when she left her parents' home to live in Fuzhou City, and her testimony on this point conflicted with her husband's testimony at his asylum hearing. In Qui's asylum declaration, she stated that her daughter stayed with Qui's mother when Qui returned to Fuzhou City, but this conflicted with Qui's testimony that her mother had died eight years earlier. Finally, the BIA noted that her testimony was inconsistent with earlier statements that she had made under oath regarding whether she had procured a false sterilization certificate.

The problem with these perceived inconsistencies is that numerous translation and transcription difficulties during Qui's merits hearing could easily account for them. In addition, Qui was not given an opportunity to address many of the inconsistencies relied on by the IJ and the BIA. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir. 2004). In light of this uncertainty, we conclude that the inconsistencies cited by the BIA are insufficient to support an adverse credibility finding. *See He v. Ashcroft,* 328 F.3d 593, 598 (9th Cir.2003) ("Even where there is no due process violation, faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based.").

Accordingly, we **GRANT** the petition for review and **REMAND**.